Filed 10/9/15  P. v. Reynoso CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B262255 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA032756) |
| v. | |
| SALVADOR JOHNNY REYNOSO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stan Blumenfeld, Judge.  Affirmed.

David H. Goodwin, under appointment by the Court of Appeal, and Salvador Johnny Reynoso, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Salvador Johnny Reynoso appeals from the judgment of conviction after he was resentenced to 25 years to life on the base count of forcible rape in concert, with concurrent sentences on the remaining counts. His appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436), and Reynoso filed a supplemental brief in pro. per.

In 1997, 15-year-old Reynoso and another minor kidnapped a female driver, robbed her of her cell phone and gold chain, raped her, and forced her to orally copulate them and to make ATM withdrawals. Tried as an adult, Reynoso was convicted of rape in concert (counts 1-3), forcible oral copulation in concert (counts 4-5), kidnapping for carjacking (count 7), and first degree robbery (counts 10-11), with true findings that the kidnapping substantially increased the risk of harm (counts 1-5) and the oral copulation was through force or menace (count 5). He was sentenced to concurrent 25-years-to-life terms on counts 1 and 7 and to a determinate term of 40 years on the remaining counts, consisting of consecutive nine-year terms for counts 2 through 5, and two-year terms for counts 10 and 11. We affirmed the judgment in *People v. Reynoso* (Aug. 28, 2000, B126442 [nonpub. opn.]).

In 2013, Reynoso filed a petition for writ of habeas corpus under *People v. Caballero* (2012) 55 Cal.4th 262 (*Caballero*), arguing that his sentence violated the Eighth Amendment because it exceeded his life expectancy. The trial court granted the petition and resentenced Reynoso, running all previously imposed sentence terms concurrently with the base term of 25 years to life on count 1.

In this supplemental brief, Reynoso argues that the One Strike law, Penal Code section 667.61, under which his 25-years-to-life term was imposed, is unconstitutional as applied to him. Reynoso relies on the legislative statement of purpose for the law, cited in *People v. Wutzke* (2002) 28 Cal.4th 923—that "the targeted group preys on women and children, cannot be cured of its aberrant impulses, and must be separated from society to prevent reoffense." (*Id*. at pp. 929–930.) According to Reynoso, juvenile offenders are not incorrigible and therefore Penal Code section 667.61 cannot apply to juveniles.

2

*Caballero*, *supra*, 55 Cal.4th 262, and the federal cases that preceded it, *Graham v. Florida* (2010) 560 U.S. 48, and *Miller v. Alabama* (2012) 567 U.S. ___, 132 S.Ct. 2455, require that a juvenile offender be given a '"meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation"' during the offender's natural lifetime. (*Caballero*, at p. 269.) A 25-years-to-life sentence imposed on a 15-year-old offender is not equivalent to life without possibility of parole because the offender will become eligible for parole when he is 40 years old, well within a person's natural life span.

At resentencing, Reynoso asked the trial court to consider evidence of his rehabilitation and to resentence him to 18 years to life in prison, which would have rendered him immediately eligible for parole. The trial court declined to do so. Reynoso contends that *Caballero*, *supra*, 55 Cal.4th 262 authorizes trial courts to send habeas petitioners who show maturity and rehabilitation at their resentencing hearings to the Board of Parole Hearings "forthwith." He appears to rely on the following passage in that case: "[T]he sentencing court must consider all mitigating circumstances attendant in the juvenile's crime and life, including but not limited to his or her chronological age at the time of the crime, whether the juvenile offender was a direct perpetrator or an aider and abettor, and his or her physical and mental development, so that it can impose a time when the juvenile offender will be able to seek parole from the parole board. The Board of Parole Hearings will then determine whether the juvenile offender must be released from prison 'based on demonstrated maturity and rehabilitation.' [Citation.] Defendants who were sentenced for crimes they committed as juveniles who seek to modify life without parole or equivalent de facto sentences already imposed may file petitions for writs of habeas corpus in the trial court in order to allow the court to weigh the mitigating evidence in determining the extent of incarceration required before parole hearings. Because every case will be different, we will not provide trial courts with a precise timeframe for setting these future parole hearings in a nonhomicide case. However, the sentence must not violate the defendant's Eighth Amendment rights and must provide him or her a 'meaningful opportunity to obtain release based on demonstrated maturity

and rehabilitation'. . . ." (*Id*. at pp. 268–269.) This passage cannot be read as authorizing the trial court to make an initial determination of a petitioner's rehabilitation at the time of resentencing because a juvenile's rehabilitation is not among the factors to be considered at sentencing; rather, the court has broad discretion to impose a sentence that affords the juvenile a meaningful opportunity to demonstrate his rehabilitation to the parole board when he becomes eligible for parole. (*Ibid*.)

We have reviewed Reynoso's supplemental brief and the record on appeal, and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

4